IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| GOLD STAR FEED AND GRAIN, LLC, | CASE NO. 25-cv-00060 |
| Plaintiff | |
| | SUSAN PARADISE BAXTER |
| vs. | United States District Judge |
| LINDELL FARMS, LLC, | ORDER ON MOTION FOR DEFAULT JUDGMENT |
| Defendant | |

ORDER AND ENTRY OF JUDGMENT

AND NOW, this 14th day of August, 2025, upon consideration of Plaintiff Gold Star

Feed and Grain's ("Plaintiff") Motion for Default Judgment (ECF No. 9), and after a de novo

review of the Report and Recommendation of the Honorable Richard A. Lanzillo, Chief United

States Magistrate Judge [ECF No. 12], to which no objections have been filed within the time

permitted by 28 U.S.C. § 636(b)(1), and upon independent consideration of the record and

applicable law, the Court finds as follows:

1.      Default was Properly Entered. The Clerk of Court entered default against

Defendant on May 2, 2025, pursuant to Federal Rule of Civil Procedure 55(a), after Defendant

Lindell Farms, LLC ("Defendant") failed to plead or otherwise defend this action.

2.      No Objection to the Report and Recommendation. Neither party has filed

objections to the Report and Recommendation. Therefore, the Court reviews it for clear error.

*See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

1

3.    Adoption of the Report and Recommendation.  The Court agrees with the sound reasoning set forth by the Magistrate Judge as to the entry of default judgment.

4.    Liability on Contract Claim.  Plaintiff asserts a claim for breach of contract. Under governing law, a plaintiff must show: (1) the existence of a contract; (2) breach of a duty imposed by the contract; and (3) resulting damages.  *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003).  Defendant's failure to respond results in the admission of the well-pleaded allegations in the Complaint, including that a valid and enforceable contract existed, that Defendant materially breached its obligations, and that Plaintiff suffered monetary damages as a result.  *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

5.    Entry of Default Judgment. Pursuant to Federal Rule of Civil Procedure 55(b)(2), and based on the unrebutted allegations and supporting documentation submitted by the Plaintiff, the Court finds that the allegations in Plaintiff's Complaint, other than those relating to damages, are deemed admitted by virtue of Defendant's default.  *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). The Court further finds that Plaintiff has established a valid claim and is entitled to relief.

6.    Damages. Based on the submissions of the Plaintiff, including affidavits and documentation, the Court finds that the requested damages are supported by the record and are reasonable under the circumstances.

7.    Attorney Fees.  Furthermore, the Court disagrees with Judge Lanzillo's recommendation regarding attorney fees. In accordance with the Federal Rules of Civil Procedure, Plaintiff must file a separate motion for attorney's fees.

Accordingly, IT IS HEREBY ORDERED THAT:

1.      The Report and Recommendation of the Chief Magistrate Judge [ECF No. 12] is ADOPTED in regard to the entry of default judgment only.

2.      Plaintiff's Motion for Default Judgment [ECF No. 9] is GRANTED.

3.      DEFAULT JUDGMENT is entered in favor of Plaintiff Gold Star Feed and Grain LLC and against Defendant Lindell Farms LLC, in the amount of $125,455.98 plus post-judgment interest at the legal rate pursuant to 28 U.S.C. § 1961.

4.      Plaintiff's request for an award of attorneys' fees within the motion is DENIED without prejudice. Plaintiff Gold Star Feed and Grain LLC may move for attorney's fees pursuant to F.R.C.P. 54, within the next fourteen days.

5.      The Clerk of this Court shall mark this matter CLOSED for all purposes on the Court's docket.

IT IS SO ORDERED.

BY THE COURT:

SUSAN PARADISE BAXTER
UNITED STATES DISTRICT JUDGE

3